UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00148-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DAVON BROWN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:19-cr-00148-TWP-MJD |
| ) | |
| DAVON BROWN, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on Defendant Davon Brown's ("Brown") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 221.) For the reasons explained below, Brown's motion is **denied**.

**I. BACKGROUND**

In January 2023, Brown pled guilty to Count 2: Attempted Possession with Intent to Distribute 500 Grams or more of Methamphetamine (mixture), in violation of 21 U.S.C. § 841(a)(1) and 846, pursuant to Federal Rule of Criminal Procedure 11(c)(l)(C). (Dkt. 218.) While in California, Brown and another individual sent a FedEx package containing 18.677 kilograms of pure methamphetamine, addressed to Brown in Indiana.  After dropping the package off in California, he boarded a plane so he could receive the package in Indiana.  The package was instead intercepted by law enforcement. Brown was facing a minimum term of imprisonment of 10 years and a sentencing guideline imprisonment range of 292 to 365 months.  Brown committed this crime while he was on supervised release for another federal conviction; conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base. *See United States v. Brown*, 1:07-cr-60-TWP-MJD-1.  Under the binding plea agreement, the Government agreed not to file an information pursuant to 21 U.S.C. § 851, (Dkt. 192 at 1), and the parties agreed to a sentence of 120 months of imprisonment, *id.* at 5.

The parties also agreed to jointly recommend that any sentence imposed for Brown's violation of supervised release in Case No. 1:07-cr-60-TWP-MJD-1 run concurrently to the sentence imposed in this matter, but this recommendation was not part of the binding terms of the plea agreement.[1] (Dkt. 192 at 2.) The Court accepted the terms of the binding agreement and sentenced Brown to 120 months of imprisonment and 5 years of supervised release in this matter. (Dkt. 218.) The Court imposed a consecutive term of 30 months of imprisonment for his revocation of supervised release in Case No. 1:07-cr-60-TWP-MJD-1. *United States v. Brown*, 1:07-cr-60-TWP-MJD-1, Dkt. 172.

On April 11, 2023, retained counsel filed a motion seeking compassionate release on behalf of Brown. (Dkt. 221.) In his submissions, Brown argues that he establishes extraordinary and compelling reasons for compassionate release because he has stage IV cancer, specifically, soft tissue sarcoma that started behind his knee and has spread to his liver. (Dkt. 222.) Additionally, he is at risk of severe illness should he contract COVID-19 due to his medical conditions (undergoing chemotherapy and radiation, diabetes, glaucoma, near blindness, obesity).

The Government filed a brief in opposition, (Dkt. 224) asserting that The defendant has not exhausted his administrative remedies, and any further analysis by this Court should be stayed until his administrative remedies have been exhausted. The Government also argues that Brown remains a danger to the community, the factors of 18 U.S.C. § 3553(a) weigh against release, and he does not present "extraordinary and compelling reasons" for a sentence reduction. *Id*.

Brown filed a reply in which he states that "[i]f the Court is not comfortable granting compassionate release at this time, the Court could release Brown pursuant to 18 USC 3142(i) and 18

---

[1] Specifically, Brown "agreed to admit to having committed Violation No. 3 in the Petition for Warrant or Summons for Offender Under Supervision filed on September 4, 2018 at ECF No. 150 in cause number I :07-cr-00060-TWP-MJD-1. In exchange, the parties jointly recommend that any sentence imposed for the Defendant's violation of supervised release run concurrently to the sentence imposed in cause number I : 19-cr-01 48-TWP-MJD. The parties further jointly recommend that supervised release not be reimposed in cause number 1:07-cr-00060-TWP-MJDI following the Defendant's service of any sentence imposed. The Defendant understands that these recommendations are not binding on the Court in its consideration of the Defendant's supervised release violation." (Dkt. 192 at 2).

USC 3145(c)."  (Dkt. 232 at 11.)  Both statutes on their face apply to individuals who are awaiting trial, and Brown has provided no support for his argument that said statutes can be utilized by convicted and sentenced prisoners such as himself.  Thus, his alternative request for release under those statutes is **denied**.

Brown also filed several supplements which the Court has reviewed. (Dkts. 233-237, 239-241) and considers in **denying** the Motion.

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified.  18 U.S.C. § 3582(c).  Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction.  18 U.S.C. § 3582(c)(1)(A)(i).  The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute.  *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).  The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Brown was diagnosed with soft tissue sarcoma in his right knee in May 2022.  (Dkt. 222.)  He underwent surgery and radiation to treat the sarcoma in August 2022.  In scans performed in January 2023, new liver lesions were discovered, and Brown was diagnosed with metastatic myxoid liposarcoma, stage IV cancer.  Brown is currently being held at the Clinton County Jail awaiting transport to the Bureau of Prisons ("BOP").  (Dkt. 222 at 2.)  While at the Clinton County Jail, he is receiving treatment for his cancer from Indiana University Health.  As of July 2023, Brown represents that he has completed 5 cycles of chemotherapy with 7 remaining. (Dkt. 241.)    According      to

4

Brown, each time he undergoes chemotherapy, he becomes very physically ill. It appears that once recovering from each round of chemotherapy, he feels better. (Dkt. 232 at 5.) Brown also states that he was recently hospitalized for several days due to obstructive biliary process and pancreatitis. (Dkt. 214.) The doctors were unable to exclude that he may have passed a common bile duct stone. It is unclear whether that issue was related to his cancer or was an isolated incident. Taking all of these facts into consideration, it is not clear to the Court that Brown has met his burden to show that he is suffering from a terminal illness or that he is unable to engage in self-care in prison such that he has established an extraordinary and compelling reason for compassionate release.

With regard to his other basis for release, Mr. Brown has failed to carry his burden to show that his risk of severe illness from COVID-19 is an extraordinary and compelling reason for release, whether considered alone or with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Brown is fully vaccinated, (Dkt. 232 at 3), and has presented no evidence that he is unable to receive or benefit from the vaccine. Mr. Brown points to the Centers for Disease Control and Prevention's ("CDC") statement that "people who are immunocompromised or are taking medicines that weaken their immune system may not be protected even if they are up to date on their vaccines," to show that he cannot benefit from the vaccines and therefore remains at risk. (Dkt. 222 at 3.) Simply because the immune response of moderately or severely immunocompromised individuals to COVID-19 vaccination may not be as strong as in people who are not; *see* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/immuno.html (last visited Aug. 24, 2023), does not mean he is unable to benefit from the vaccine. Even if immunocompromised individuals might not develop an

5

adequate immune response from vaccination, Mr. Brown still needs to submit evidence suggesting that he is unable to benefit from the vaccine. *United States v. Jackson*, No. 21-3335, 2022 WL 4244894, at *1 (7th Cir. Sept. 15, 2022) (citing *Broadfield*, 5 F.4th at 803; *United States v. Joiner*, 988 F.3d 993, 996 (7th Cir. 2021)). He has not done so.

Additionally, Mr. Brown "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, Dkt. 19 (7th Cir. Feb. 15, 2022). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023).

Nevertheless, the Court will assume without deciding that Brown has met his burden to establish an extraordinary and compelling reason to grant compassionate release. This does not end the inquiry, however, as the Court finds that Brown is not entitled to compassionate release because the § 3553 factors do not weigh in his favor.[2] In his favor, Brown is dealing with a number of serious medical conditions and would have the support of his friends and family if released. He also represents that he has not had any disciplinary issues during this incarceration. (Dkt. 232 at 10.) Weighing against him, Brown pled guilty to a very serious crime. He is a career offender based on his prior convictions of conspiracy to commit dealing in cocaine or narcotic in Marion County, Indiana, cause

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

number 49G20-0102-CF-026914, and conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in United States District Court, Southern District of Indiana for which he was sentenced to 120 months of imprisonment. *See* case number 1:07CR00060. Brown was still on supervised release for that conviction when he committed the instant offense. His criminal history has spanned multiple decades and also includes a felony conviction for aggravated assault. (Dkt. 208.) In addition to the instant offense, Brown violated the supervised release for his 2009 conviction on multiple other occasions and while serving that sentence, he was written up in the BOP for receiving marijuana through mail, telephone abuse relating to gambling, gambling, and mail abuse. (Dkt. 208 at 10.)

Brown was arrested in this case in April 2019. In June 2020, he was temporarily released to pretrial supervision, to include GPS home incarceration, due to COVID. (Dkt. 208 at 4-5.) While on home incarceration, Brown had several violations including leaving his residence without permission and failing to charge his tracker on a number of occasions, testing positive for fentanyl on a urinalysis three times, and failing to submit a urinalysis four times. After a third Petition for Action on Conditions of Pretrial Release was filed, the Court revoked his pretrial supervision. Several of those violations occurred after Brown had been diagnosed with cancer in May 2022.

Brown was sentenced to consecutive terms of 120 months (which was significantly lower than the 292 to 365 months he was facing under the guidelines), and 30 months of imprisonment, in January of this year. By the Court's calculations, it appears that he has only served approximately 26 months of that sentence. At the time of sentencing, the Court was aware that Brown's cancer was potentially reoccurring and might have spread. *See* Dkt. 214 at 2. While his medical condition is seemingly more serious than it was at that time, the Court does not find that it tips the scales in his favor at this juncture. Should his condition change significantly in the future, he is free to file a new motion.

In light of these considerations, the Court finds that releasing Brown now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III. CONCLUSION

For the reasons stated above, Brown's motion for compassionate release, Dkt. [221], is **denied**.

**SO ORDERED.**

Date:  8/28/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Julie Treida
TREIDA LAW, PC
treidalaw@gmail.com

Jayson W. McGrath
UNITED STATES ATTORNEY'S OFFICE
jayson.mcgrath@usdoj.gov

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov