UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:19-cr-00148-TWP-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DAVON BROWN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cr-00148-TWP-MJD |
| | ) |
| DAVON BROWN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on a letter submitted by Defendant Davon Brown ("Brown"), which the Clerk has docketed as a Motion for Compassionate Release (Dkt. 255). Also before the Court is Brown's Motion for Extension of Time to File Additional Medical Evidence. (Dkt. 262). For the reasons explained below, both Motions are **denied**.

## I.   BACKGROUND

In January 2023, Brown pled guilty to Count 2: Attempted Possession with Intent to Distribute 500 Grams or more of Methamphetamine (Mixture), in violation of 21 U.S.C. §§ 841(a)(1) and 846, pursuant to Federal Rule of Criminal Procedure 11(c)(l)(C) (Dkt. 218). While in California, Brown and another individual sent a FedEx package containing 18.677 kilograms of pure methamphetamine, addressed to Brown in Indianapolis, Indiana. (Dkt. 192 at 7.) After shipping the package in California, Brown boarded a flight so that he could receive the package in Indianapolis. *Id.* The package was instead intercepted by law enforcement. *Id.*

Brown was facing a mandatory minimum term of imprisonment of 10 years and a sentencing guideline range of 292 to 365 months. (Dkt. 208 at 19.) Brown committed this crime while he was on supervised release for another federal conviction: conspiracy to possess with

intent to distribute and to distribute 50 grams or more of cocaine base. *See United States v. Brown*, 1:07-cr-00060-TWP-MJD-1. Under the binding plea agreement, the Government agreed not to file an information pursuant to 21 U.S.C. § 851, (Dkt. 192 at 1), and the parties agreed to a sentence of 120 months of imprisonment, *id.* at 5. The parties also agreed to jointly recommend that any sentence imposed for Brown's violation of supervised release in Case No. 1:07-cr-00060-TWP-MJD-1 run concurrently to the sentence imposed in this matter, but this recommendation was not part of the binding terms of the plea agreement.[1] (Dkt. 192 at 2.) The Court accepted the terms of the binding agreement and sentenced Brown to the statutory mandatory minimum of 120 months imprisonment and 5 years of supervised release. (Dkt. 218 at 2, 3.) The Court imposed a consecutive term of 30 months of imprisonment for Brown's revocation of supervised release in Case No. 1:07-cr-00060-TWP-MJD-1. *See, United States v. Brown*, 1:07-cr-00060-TWP-MJD-1 at Dkt. 172.

In April 2023, Brown filed his first post-conviction motion for compassionate release (Dkt. 221). In his submissions, Brown argued that he established extraordinary and compelling reasons for compassionate release because he has stage IV cancer, specifically, soft tissue sarcoma that started behind his knee and has spread to his liver. (Dkt. 222.) Additionally, he is at risk of severe illness should he contract COVID-19 due to his medical conditions (undergoing chemotherapy and radiation, diabetes, glaucoma, near blindness, obesity). On August 28, 2023, the Court denied

---

[1] Specifically, Brown
 agreed to admit to having committed Violation No. 3 in the Petition for Warrant or Summons for Offender Under Supervision filed on September 4, 2018, at ECF No. 150 in cause number 1:07-cr-00060-TWP-MJD-1. In exchange, the parties jointly recommend that any sentence imposed for the Defendant's violation of supervised release run concurrently to the sentence imposed in cause number 1:19-cr-0148-TWP-MJD. The parties further jointly recommend that supervised release not be reimposed in cause number 1:07-cr-00060-TWP-MJD-1 following the Defendant's service of any sentence imposed. The Defendant understands that these recommendations are not binding on the Court in its consideration of the Defendant's supervised release violation.
(Dkt. 192 at 2).

3

the motion. (Dkt. 242.) In its Order, the Court assumed without deciding that Brown had established an extraordinary and compelling reason for his release but denied the motion because the § 3553 sentencing factors did not weigh in his favor. *Id.* at 6.

Brown appealed the denial (Dkt. 243). The appeal remains pending before the Seventh Circuit Court of Appeals (*See United States v. Brown*, Docket Number 23-2718). Brown has filed the instant Second Motion for Compassionate Release *pro se*, "asking for my sentence to be vacated and I get immediate release on the grounds I been sentence[d] for over a year, I [was] suppose[d] to [have] been sent to a medical facility, and I have not got[ten] my proper care and treatment at this county jail this is adding to my sickness and stress level[.]" (Dkt. 255.) Brown asserted that his stage IV cancer is "getting worse" and "causing him great pain all day," and his "diabetes is high every day." *Id*. at 1-2.

The Court issued an order for expedited briefing and ordered the Government to obtain Brown's updated medical records from the Clinton County Jail and submit them with their Response brief, noting that if Brown's claims were true--despite the serious nature of his crimes--these circumstances might establish extraordinary and compelling reasons for compassionate release (Dkt. 256). The Government complied and has filed a Response in Opposition to the Second Motion for Compassionate Release (Dkt. 259) and submitted approximately 3,179 pages of Brown's updated medical records. (Dkt. 260-1) The Government asserts Brown's medical records fail to support extraordinary and compelling reasons for early release, because in the days, weeks, and months prior, to filing his January 15, 2024 Motion, it is well documented that Brown consistently refused medical treatment. (Dkt. 259 at 5). The Government further argues the Motion should be denied because Brown is a danger to the community, the factors of 18 U.S.C. § 3553(a) weigh against release.

4

Brown did not file a reply, instead he filed a letter which the clerk has docketed as a Motion for Extension of Time. (Dkt. 262). In that motion, Brown asks for 30-day extension before a ruling is made on his compassionate release motion.

## II. DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023). The Court has considered said amendments while adjudicating Brown's motion, as appropriate.

Regarding Brown's assertions that the medical care he is receiving at the Clinton County Jail is substandard, the medical evidence does not support this contention. The evidence, instead, consists of hundreds of pages stating that Brown has refused treatment for his medical conditions. See Dkt. 260-1 at 292-2033). For example, his medical records indicate he frequently refused

5

treatment for diabetes between January and February 2024, dkt. 260-1 at 317-458, and refused morphine in April 2023, *id.* at 535. On May 1, 2023, Brown refused chemotherapy treatment for his principal medical issue, his cancer. *Id.* at 574. While the records show some disconnect concerning the administration of pain medications, it appears the medical staff had concerns that Brown "was a high risk for hoarding." *Id*. at 288. The records also show that medical staff at Clinton County regularly scheduled appointments for Brown's care.  For example, his oncology team notified the medical staff that he was due to receive an MRI on February 16, 2024, and the staff subsequently began the process of arranging for the treatment. *Id*. at 287. Rather than demonstrating that Brown has been deprived of proper medical treatment, his medical records show that he has a pattern of refusing the treatment offered to him at the Clinton County Jail. For that reason, the Court cannot find that he is being subjected to sub-standard medical care.

Importantly, since the filing of his Motion, Brown has finally been transferred from the Clinton County Jail to the Federal Medical Center in Butner, North Carolina. The Court does not doubt that is has been difficult for Brown to be housed in a county jail awaiting transfer to a federal medical facility, considering his medical conditions. However, the Court finds that his allegations regarding care in the Clinton County Jail is now moot and cannot constitute an extraordinary and compelling reason for release. Consequently, the Court cannot find that Brown has shown that improper medical care constitutes an extraordinary and compelling reason for his release whether considered alone or in combination with any other reason.

Brown next argues that his serious medical conditions constitute extraordinary and compelling reasons for release.  First, the Court notes that Brown has also not provided any medical records showing that his medical conditions are any worse now, than when the Court last addressed whether his medical conditions constituted extraordinary and compelling reasons for release.

6

However, the Court will again assume without deciding that Brown has established an extraordinary and compelling reason for compassionate release based on his serious medical conditions. The Court nevertheless finds that Brown is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] The Court analyzed these factors seven months ago as follows:

> … In his favor, Brown is dealing with a number of serious medical conditions and would have the support of his friends and family if released. He also represents that he has not had any disciplinary issues during this incarceration. (Dkt. 232 at 10.) Weighing against him, Brown pled guilty to a very serious crime. He is a career offender based on his prior convictions of conspiracy to commit dealing in cocaine or narcotic in Marion County, Indiana, cause number 49G20-0102-CF-026914, and conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base in United States District Court, Southern District of Indiana for which he was sentenced to 120 months of imprisonment. See case number 1:07CR00060. Brown was still on supervised release for that conviction when he committed the instant offense. His criminal history has spanned multiple decades and also includes a felony conviction for aggravated assault. (Dkt. 208.) In addition to the instant offense, Brown violated the supervised release for his 2009 conviction on multiple other occasions and while serving that sentence, he was written up in the BOP for receiving marijuana through mail, telephone abuse relating to gambling, gambling, and mail abuse. (Dkt. 208 at 10.)
>
> Brown was arrested in this case in April 2019. In June 2020, he was temporarily released to pretrial supervision, to include GPS home incarceration, due to COVID. (Dkt. 208 at 4-5.) While on home incarceration, Brown had several violations including leaving his residence without permission and failing to charge his tracker on a number of occasions, testing positive for fentanyl on a urinalysis three times, and failing to submit a urinalysis four times. After a third Petition for Action on Conditions of Pretrial Release was filed, the Court revoked his pretrial supervision. Several of those violations occurred after Brown had been diagnosed with cancer in May 2022.

---

[2] These factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

> Brown was sentenced to consecutive terms of 120 months (which was significantly lower than the 292 to 365 months he was facing under the guidelines), and 30 months of imprisonment, in January of [2023]. By the Court's calculations, it appears that he has only served approximately 26 months of that sentence [as of August 2023]. At the time of sentencing, the Court was aware that Brown's cancer was potentially reoccurring and might have spread. *See* Dkt. 214 at 2. While his medical condition is seemingly more serious than it was at that time, the Court does not find that it tips the scales in his favor at this juncture.

Dkt. 242 at 6-7.

Brown contends that his condition is worse, but substantial evidence suggests that he is refusing treatment for his condition. Given that evidence, the Court cannot find that his condition, if it is getting worse, constitutes an extraordinary and compelling reason for his release.

Brown has also filed a motion requesting more time to file additional medical evidence. (Dkt. 262). He asserts that "a year ago" a physician at IU Health gave him a prognosis that he had one to two years to live, but that physician would not put that information into his medical records. *Id.* He argues that he should be allowed more time—an additional 30 days—to prove that his condition is terminal. *Id.* The Court concludes that the voluminous medical records show a complete picture of Brown's health and is sufficient to allow the Court to make a ruling on the instant motion. The Court considers also that Brown has now been transferred to a BOP Medical Facility where he will hopefully receive better medical treatment, including treatment by a physician who is willing to provide a prognosis in a medical record.

As the Court previously advised, Brown is not precluded from filing another compassionate release motion if he obtains medical records that demonstrate that his condition is terminal or deteriorating *and that he is accepting treatment*. However, at this time, he has provided no information which would alter the Court's analysis in its August 2023 Order. (Dkt. 242). For these reasons, Brown's motion for an extension of time is **denied.**

8

In light of these considerations, the Court finds that releasing Brown early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as [defendant's] is enough; more would be otiose.").

### III.  CONCLUSION

The Court acknowledges that Brown has a serious medical condition and feels empathy for him, especially because of the delay in his transfer to a BOP Medical Facility.[3] But for the reasons explained above, his present Motion for compassionate release, Dkt. [255], is **DENIED**.

**SO ORDERED.**

Date: 3/27/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Davon Brown
Register Number: 09079-028
FMC Butner-Federal Medical Center
P.O. Box 1600
Butner, NC 27509

Jayson W. McGrath
UNITED STATES ATTORNEY'S OFFICE
yayson.mcgrath@usdoj.gov

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov

---

[3] Brown was sentenced on January 12, 2023, and despite being designated to a BOP medical facility shortly thereafter, he remained in the Clinton County Jail awaiting a bed until his transfer to FMC Butner on March 14, 2024.